UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. HINDELANG and
PAULA M. HINDELANG,

    Plaintiffs,                                    Case No. 20-cv-11876
                                                   Hon. Matthew F. Leitman

v.

CITY OF GROSSE POINTE, *et al.*,

    Defendants.
_____/

## ORDER (1) REMANDING PLAINTIFFS' STATE-LAW CLAIMS TO STATE COURT AND (2) VACATING ORDER TO SHOW CAUSE (ECF No. 5)

On June 27, 2020, Plaintiffs Robert L. Hindelang and Paula M. Hindelang filed a twenty-count Amended Complaint in the Wayne County Circuit Court against the City of Grosse Pointe and several city officials in Grosse Pointe. (*See* Am. Compl., ECF No. 2-1.)  The Hindelangs' claims arise primarily out of a decision by city officials in Grosse Pointe to allow a lot split on a piece of property that is "contiguous" to property that the Hindelangs own. (*Id.* at ¶19, PageID.53.)  The vast majority of the Hindelangs' claims are brought pursuant to state law.  Only two of the twenty counts in the Amended Complaint arise under federal law.

On July 9, 2020, Defendants removed this action to this Court. (*See* Notice of Removal, ECF No. 1; Amended Notice of Removal, ECF No. 2.)  The basis of

1

removal was that the Court had federal-question jurisdiction based on the two federal claims in the Amended Complaint. (*See id.*)  The Defendants have also moved to dismiss the Hindelangs' First Amended Complaint, and that motion focuses almost entirely on the Hindelangs' state-law claims. (*See* Mot., ECF No. 3.)

To the extent that the Court has jurisdiction over the 18 state-law claims in the Amended Complaint, that jurisdiction falls within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.  That statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, supplemental jurisdiction "is a doctrine of discretion, not of [] right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (internal quotation marks omitted) (affirming district court's refusal to assert supplemental jurisdiction).  District courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999)  And district courts may decline to exercise supplemental jurisdiction over removed state-law claims. *See, e.g.*, *Askew v. City of Memphis*, 2014 WL 12515247, at *1 (W.D. Tenn. May 20, 2014) (declining to exercise supplemental jurisdiction over state law claim following

removal and remanding that claim to state court); *B&G Towing LLC v. City of Detroit*, E.D. Mich. Case No. 19-10853 (Michelson, J.), at Dkt. #4 (concluding that the "vast majority of the Plaintiffs' claims are under state law," declining to exercise supplemental jurisdiction over those claims, and remanding claims to state court following removal).

"District courts may decline to exercise supplemental jurisdiction over a claim" where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). This "statute [] reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks omitted).

On August 17, 2020, the Court entered an order in which it required Defendants to show cause why the Court should not (1) decline to exercise

3

supplemental jurisdiction over Plaintiffs' state-law claims and (2) remand Plaintiffs' state-law claims to state court. (*See* Show Cause Order, ECF No. 5.) Defendants responded to that order on August 31, 2020. (*See* Reply to Show Cause Order, ECF No. 8.)

The Court now exercises its broad discretion to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. The crux of this dispute is one that arises under Michigan law. Indeed, the vast majority of the claims in the Hindelangs' First Amended Complaint raise issues related to the interpretation and enforcement of Michigan's Open Meetings Act, the City of Grosse Pointe's municipal charter, and Michigan property law with respect to lot splits. In addition, the Hindelangs seek to appeal the lot split decision at issue under Michigan Court Rule 7.122. Thus, the Hindelangs' numerous state-law claims "substantially predominate" over their two federal claims. Moreover, the value of comity – of allowing the Michigan state courts to rule in the first instance on issues of Michigan statutory and property law – weighs against the exercise of supplemental jurisdiction here.

Defendants counter that the Court should "decide Plaintiffs' state law claims in the interest of [judicial] economy." (Reply to Show Cause Order, ECF No. 8, PageID.586.) But Defendants have not persuaded the Court that there are significant gains in judicial economy to be had by keeping Plaintiffs' state-law claims in this

4

Court. Nor have Defendants shown that where, as here, the plaintiffs' federal claims are secondary to their state-law claims, the interest of judicial economy outweighs the interest in comity and allowing the state courts to rule on what is at its core a dispute under state law.

For all of these reasons, the Court **DECLINES** to exercise supplemental jurisdiction over Counts I – XVII and Count XX of the First Amended Complaint. The Clerk of the Court shall **REMAND** those claims to the Wayne County Circuit Court. The Court's August 17, 2020, order to show cause is **VACATED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764